*402 OPINION.'
Phillips :
The error in computing depreciation is admitted in the answer, being one of many made in the agent’s report which was accepted as the basis for computing the deficiency.
The sole remaining issue relates to the determination of the gain derived from a contract to construct a swimming pool. The Commissioner accepted a report made by a revenue agent as the result of a second examination of the taxpayer’s books. The evidence, both oral and documentary, shows this report to be so erroneous that the computations based upon it must be rejected in favor of more reliable evidence. Some of the errors made are set out above in the findings of fact.
There was introduced in evidence, with the consent of both parties, a portion of the report made by the revenue agent who first *403 examined the books of the taxpayer for 1919. The amounts used in the computations agree with the amounts of the payments received and with the cost proven, and consideration is given to all of the contracts with Plant. It is clear from all the evidence that the taxpayer did not sustain any gain from these contracts in 1919 in excess of that shown in this report. In fact, there may be some question if this report does not also overstate the 1919 income from the Plant contracts to some extent, but the proof is insufficient to show that such is the case. We therefore conclude that the taxpayer’s income from the Plant contracts was understated by not more than $2,368.59 and not by $24,079.'31 as determined by the Commissioner. The income as determined by him should be reduced by $21,110.12 on this account and by $1,369.83 on account of the insufficient allowance for depreciation, and the deficiency recomputed accordingly.

Decision will be entered on 20 days' notice, under Bule 50.